IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00047-PAB-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  ODIFU ODIFU,

     Defendant.

---

**ORDER**

---

This matter is before the Court on the government's Motion to Order Examination and Continue Trial [Docket No. 143]. Defendant responded. Docket No. 149. The government asks the Court to order defendant to undergo a mental examination pursuant to Fed. R. Crim. P. 12.2 and vacate the current trial date. Docket No. 143 at 2, 6.

Fed. R. Crim. P. 12.2(b) states:

> If a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on either (1) the issue of guilt or (2) the issue of punishment in a capital case, the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk. The court may, for good cause, allow the defendant to file the notice late, grant the parties additional trial-preparation time, or make other appropriate orders.

If a defendant provides notice under this rule, "the court may, upon the government's motion, order the defendant to be examined under procedures ordered by the court." Fed. R. Crim. P. 12.2(c)(1)(B).

On January 27, 2022, the Court set the trial in this case for June 13, 2022. Docket No. 122 at 5.  The Court set the pretrial motions deadline for April 4, 2022.  *Id.* Defense counsel indicates that she retained Dr. Richard Martinez, the Director of Forensic Psychiatry Services and Training at the University of Colorado at Anschutz School of Medicine, in December 2021 to evaluate defendant, but did not receive his 35-page report until May 2, 2022.[1]  Docket No. 149 at 2.  Defense counsel provided the report to the government on May 4, 2022.  *Id.*; Docket No. 143 at 2.  On May 9, 2022, defendant filed a Notice of Diminished Capacity,[2] Docket No. 137, wherein Mr. Odifu indicates his intention "to introduce evidence of diminished capacity at the time of the offense" and "to introduce expert testimony relating to a mental disease or defect or other mental condition bearing on the issues of guilt and intent."  *Id.*

The government asks the Court to order that defendant be examined pursuant to Fed. R. Crim. P. 12.2(c)(1)(B).  Docket No. 143 at 2.  Defendant responds that "[t]he authority to order an examination when notice is provided under Rule 12.2(b) is not mandatory based on the use of the word 'may.'"  Docket No. 149 at 2.  Defendant argues that the government could rebut Dr. Martinez's testimony through other means,

_____

[1] The report is co-authored by Teresa Mayer, M.D., a forensic psychiatrist who is also at the University of Colorado at Anschutz Medical Center.

[2] Defendant spends the first two pages of his response arguing that the Court should accept the late filing of the notice of intent to use mental condition evidence. Docket No. 149 at 1-2.  While the government notes that defendant was late in filing this notice, *see, e.g.*, Docket No. 143 at 2, the government does not ask the Court to strike the notice for untimeliness.  Instead, the government asks for a continuance in order to have defendant undergo a mental examination.  *Id.* at 3.  Accordingly, defendant's arguments regarding untimeliness are irrelevant.  The Court finds good cause for defendant's late filing of the notice.

and thus a compelled examination is unnecessary.  *Id.* at 3.

"[W]here a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit an offense, the prosecution may present psychiatric evidence in rebuttal.  Any other rule would undermine the adversarial process, allowing a defendant to provide the jury, through an expert operating as proxy, with a one-sided and potentially inaccurate view of his mental state at the time of the alleged crime."  *Kansas v. Cheever*, 571 U.S. 87, 94 (2013) (citations omitted).  In this case, the government has not had an opportunity for an expert to examine defendant.  Defendant provided the government with the 35-page psychiatric report on May 4, 2022, which makes it impossible for the government to have an expert conduct an evaluation and provide a report before the June 13, 2022 trial.  The psychiatric report describes the results of tests that Dr. Martinez ordered and contains many statements of defendant, including statements about the alleged carjacking.  The government has a legitimate need to examine the defendant in order to rebut or respond to this evidence.

Defendant's response to the government's motion does not appear to challenge the Court's authority to order an examination of defendant.  *See* Docket No. 149 at 3. The Court finds that an independent examination is warranted in these circumstances.

Defendant acknowledges that, should the court order an examination of him, the examination would toll the speedy trial clock under 18 U.S.C. § 3161(h)(1)(A) and that a continuation of trial would likely be necessary.  Docket No. 149 at 4.  The Court agrees.

The government's motion requests a continuance of the trial, but does not specify how many days the government seeks to exclude from the speedy trial period.

*See* Docket No. 143 at 5-6.  At the May 13, 2022 hearing, the Court instructed the government to provide the name of a local examiner so as to avoid the delay associated with sending defendant, who is currently in custody, to a Federal Medical Center.  The government has not yet provided that information.  Accordingly, the Court will order the government to supply the name of a local examiner.

For the foregoing reasons, it is

**ORDERED** that, on or before May 25, 2022, the government shall file a status report indicating (1) the name of a licensed or certified psychiatrist or psychologist in the Denver area who will conduct the examination, and (2) how many days should be excluded from speedy trial in order to conduct the examination and to allow the defense the ability to review the examination results before trial.

DATED May 24, 2022.

BY THE COURT:

  s/ Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge