IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 21-cr-00047-PAB-1

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1. ODIFU ODIFU,

     Defendant.

---

## ORDER

This matter is before the Court on defendant's Motion for Sanctions Based on Failure to Preserve Critical Evidence and Request for Evidentiary Hearing and Leave to File Late [Docket No. 144]. The government responded, Docket No. 150, defendant replied, Docket No. 161, and the government sur-replied. Docket No. 167.

Defendant is charged with carjacking, brandishing a firearm during and in relation to a crime of violence, and possession of a firearm by a prohibited person. Docket No. 18 at 1-2. Defendant's motion concerns video of the collision between a GMC pickup truck occupied by the victims of the alleged carjacking and defendant's BMW sedan on the date of the offense. *See generally* Docket No. 144. Defendant argues that the video (1) will show that the GMC truck rear-ended defendant's BMW sedan, which will impeach the victims' testimony that the BMW hit their truck, and (2) lends support to defendant's argument that his mental illness made him believe that, when the truck hit his sedan, the individuals in the truck were out to harm him. *Id.* at 2-3.

This is a dispute about whether video footage exists and what has been produced.  In his motion, defendant argues that Officer Jaworowski of the Aurora Police Department "pull[ed]" video of the incident from a department camera, but then failed to preserve the video.  *Id.* at 2.  In response, the government states that a different officer, Officer Forrest, had in fact preserved the video and the government produced it to the defendant.  Docket No. 150 at 2.  Defendant's reply argues that "it seems" that there was additional footage showing the actual contact between the GMC truck and the BMW sedan, which the video preserved by Officer Forrest did not show.  Docket No. 161 at 2, 8.  Defendant points to two cameras in a Google Maps photo to support this assertion.  *Id.* at 6-8.  Defendant disputes that the video Officer Forrest preserved cures the motion for sanctions because it does not contain footage of the actual collision.  *Id.* at 8.  The government argues that footage of the collision "never existed in the first place."  Docket No. 167 at 9.  Specifically, the government argues that one of the cameras defendant points to is a live traffic feed without recording capabilities.  *Id.* at 7.  While not explicitly stated, the government also appears to argue that the video preserved by Officer Forrest is the video from the second camera that defendant seeks.  *Id.* at 2-4.

The Due Process Clause of the Fourteenth Amendment requires the government to disclose exculpatory evidence to a criminal defendant.  *California v. Trombetta*, 467 U.S. 479, 485 (1984).  When the government fails to preserve exculpatory evidence, there is due-process violation if the defendant can show that (1) the missing evidence "possess[ed] an exculpatory value that was apparent before the evidence was destroyed," and (2) "the defendant [was] unable to obtain comparable evidence by

2

other reasonably available means." *Id*. at 489.  But, if the evidence's exculpatory value was not apparent at the time the government destroyed it, the government's conduct violates a defendant's due-process rights only if (1) the evidence was potentially useful to the defense and (2) the government acted in bad faith in destroying it.  *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

The Court will deny the motion because the footage defendant seeks either has already been produced or does not exist.  The footage the original motion sought was produced by the government once it learned that Officer Forrest had preserved it. Defendant's reply seeks additional footage based on speculation that it "seems" like there are other cameras that could have captured the incident.  Docket No. 161 at 8. However, the government has investigated the other camera and determined that it provides a live feed which is not recorded.  There is accordingly no other footage for the government to produce.

For the foregoing reason, it is

**ORDERED** that defendant's Motion for Sanctions Based on Failure to Preserve Critical Evidence and Request for Evidentiary Hearing and Leave to File Late [Docket No. 144] is **DENIED**.

DATED July 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

3